NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT LONDON

| | | |
|---|---|---|
| HENRY WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 06-215-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| FEDERAL BUREAU OF PRISONS, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

Henry Williams, an individual presently confined at the Federal Correctional Institution in Manchester, Kentucky ("FCI- Manchester"), has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241 and has paid the $5.00 filing fee. The *pro se* petition is now before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

CLAIMS

The Petitioner claims that the Bureau of Prisons ("BOP") has denied him eligibility for up to one year off his sentence under 18 U.S.C. §3621(e)(2)(B) by: (1) wrongly interpreting a prior conviction for first degree wanton endangerment to be a crime of violence and thereby excluding him from early release under the statute; and (2) denying him eligibility when others with wanton endangerment convictions have been granted early release.

ALLEGATIONS OF THE PETITION

The Petitioner has submitted his allegations in an initial filing [Record No. 1] and a later motion [Record No. 3] to which he has attached copies of the documents exchanged as he pursued his request through the prison's administrative remedy process. The following is a summary of the allegations contained in these materials.

Williams was incarcerated on February 5, 2000, for service of a 120-month sentence issued by the United States District Court for the Western District of Kentucky. This sentence is to be followed by 5 years of supervised release. Williams alleges that he has maintained good conduct during his incarceration and that he has completed various prison programs to be a better man. He also asserts that he has accepted responsibility for his actions, thus evidencing an intent to be rehabilitated.

Toward the goal of rehabilitation, Williams sought entry into the BOP's Residential Drug Treatment Program ("RDAP"). With respect to this program, 18 U.S.C. §3621provides that those federal inmates who have been "convicted of a non-violent offense" and have completed a drug rehabilitation program are eligible for up to a one-year reduction in sentence. In November 2005, the BOP decided that the Petitioner was ineligible for early release and denied him entry to this program.

The BOP's stated reason for this action was the Petitioner's 1999 conviction for First Degree Wanton Endangerment.[1]  Program Statement 5330.10, Drug Abuse Program Manual,

---

[1] The Petitioner cites K.R.S. § 508.060. This statute provides that, "[a] person is guilty of wanton endangerment in the first degree when, under circumstances manifesting extreme indifference to the value of human life, he wantonly engages in conduct which creates a substantial danger of death or serious physical injury to another person."

<u>Inmate</u>, the BOP's policy for implementing the RDAP and the early release statute, provides that, "any adult misdemeanor or felony conviction for Homicide, Forcible Rape, Robbery, Aggravated Assault, or Child Sexual Abuse are crimes that disqualify an inmate for early release."

The program statement further provides that, in the event any uncertainty exists concerning whether a crime constitutes an aggravated assault so as to render the prisoner ineligible, the question should be decided by legal counsel. Therefore, because it was not certain that the Petitioner's First Degree Wanton Endangerment fell into the above-quoted category of disqualifying offenses, the matter was presented to BOP legal counsel. The response to the Petitioner was that First Degree Wanton Endangerment "constitutes an aggravated assault for early release purposes and accordingly precludes you from early release eligibility."

The Petitioner appealed the BOP's determination, arguing that (1) his conviction was not for an aggravated assault, stressing that no one was put in danger and in fact, no one was hurt; and (2) the decision against him was biased, as he knew of many cases where other prisoners with one conviction for wanton endangerment were approved for early release. The Petitioner's appeals were unsuccessful, however. At the national level, the Administrator of Inmate Appeal cited to 18 U.S.C. §3621(e)(2)(B), the program statement quoted above, and the BOP's formally promulgated regulation[2] which later adopted the language of the program statement with regard to disqualifying those convicted of aggravated assaults. After considering these materials, he concluded that:

---

[2] 28 C.F.R. §550.58(a)(iv).

> After careful review, staff determined this conviction [first degree wanton endangerment] is equivalent to Aggravated Assault for early release determination purposes. There is no entitlement to an early release but it is at the Director's discretion. Therefore, we find the decision that you are precluded from receiving a sentence reduction to be consistent with the above-referenced statute, regulation, and program statement.

[*See* Record No. 3, Attached Exhibit, dated April 18, 2006.]

Having exhausted the administrative process, the Petitioner filed this action. He claims that the BOP is restricted to considering only the offense of his current conviction, not a nonviolent offense from years ago, when determining eligibility for early release. He cites *Martin v. Gerlinski*, 133 F.3d 1076 (8th Cir. 1998), in support of his position. Petitioner Williams seeks entry into the RDAP, release up to one year early, and placement in a Community Correctional Center ("CCC") for up to six months prior to his release.

## DISCUSSION

The Petitioner's request for a six-month CCC placement prior to release is governed by 18 U.S.C. §3624 (c) – not the statute at issue in this action. Most importantly, Williams never addressed his desire for CCC or the applicable policy for such a placement with the BOP. As Williams appears to know, federal prisoners are required to exhaust administrative remedies before filing a habeas corpus petition under 28 U.S.C. §2241. *See Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992) (per curiam); *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991); *Little v. Hopkins*, 638 F.2d 953, 953-954 (6th Cir. 1981) (per curiam); *Hardwick v. Ault*, 517 F.2d 295, 296 (5th Cir. 1975) ("federal courts have imposed upon federal prisoners the requirement that they 'exhaust their administrative remedies in accordance with Bureau of Prisons policy . . .'")

Despite having exhausted the BOP administrative remedies regarding the RDAP and the accompanying early release issue, the Petitioner has not done so with respect to CCC placement. Therefore, the matter is not yet properly before the Court. The request for a CCC placement will be denied for failure to exhaust the matter administratively. This dismissal will be without prejudice to Petitioner Williams' ability to bring a future habeas proceeding should he exhaust the administrative remedies at the proper time.

Title 18 of the United States Code, section 3621, governs the imprisonment of persons convicted of federal crimes. Pursuant to the Violent Crime Control and Law Enforcement Act of 1994, the statute was amended to provide an incentive for prisoner participation in drug programs: that is, the prisoner may be granted early release upon his or her satisfactory completion of a drug program. The statute contains two limitations on the BOP's authority to grant early release, providing that:

> [t]he period a prisoner *convicted of a nonviolent offense* remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may *not be more than one year* from the term the prisoner must otherwise serve.

18 U.S.C. §3621(e)(2)(B) (emphasis added).

Because the statute does not define "nonviolent offense" nor otherwise establish criteria for determining eligibility for a sentence reduction, the BOP promulgated regulations and policies to implement the early release incentive. Initially, it attempted to define what crimes were nonviolent crimes, but these efforts were soon challenged in the courts, with inconsistent results. The Petitioner's citation to *Martin v. Gerlinski* (decided in 1998) is of this early vintage. The case is inapplicable here, as demonstrated by the Eighth Circuit finding that in its early

-5-

efforts the BOP exceeded its statutory authority in defining crimes of violence. 133 F.3d at 1080-81.

In the wake of this uncertainty, the BOP ultimately shifted its focus from defining the statutory meaning of "nonviolent offense" to emphasizing the extent of the BOP's discretionary authority under §3621(e)(2)(B). *See Boucher v. Lamanna,* 90 F.Supp.2d 883, 890 (N.D. Ohio 2000). On December 22, 2000, after notice and comment, the BOP policy which emphasized discretion became final. Since that time, the regulation has provided as follows:

> §550.58 Consideration for early release.
>
>> An inmate who was sentenced to a term of imprisonment . . . for a non-violent offense, and who is determined to have a substance abuse problem, and successfully completes a residential drug abuse treatment program during his or her current commitment may be eligible, in accordance with paragraph (a) of this section, for early release by a period not to exceed 12 months.
>
> (a) Additional early release criteria.
>
>> (1) As an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release:
>> ....
>> (iv) Inmates who have a prior felony or misdemeanor conviction for homicide, forcible rape, robbery, or aggravated assault, or child sexual abuse offenses;
>> ....

28 C.F.R. §550.58 (a)(1)(iv) (2000).

The Supreme Court has upheld the regulation as "a permissible exercise of the [BOP's] discretion under 18 U.S.C. §3621(e)(2)(B)." *Lopez v. Davis,* 531 U.S. 230, 233 (2001). "Having concluded that the Bureau may categorically exclude prisoners based on their pre-conviction

conduct, we further hold that the regulation excluding [prisoner Lopez] is permissible." *Id* at 244. *See Harrison v. Lamanna*, 19 Fed.Appx. 342 (6th Cir. 2002) (applying *Lopez* as controlling and dismissing a petition similar to the one herein) (unpublished).

The above-quoted regulation has been formally promulgated. Through this regulation, the BOP has outlined the eligibility criteria for early release. The regulation explains that its authority is in the discretion granted in the statute. Further, the Supreme Court has upheld the BOP's exclusions by category as reasonable. This regulation was applied in the late months of 2005 and early 2006 when the Petitioner pursued the matter of his early release eligibility with the BOP. For the foregoing reasons, Petitioner is not entitled to relief on the basis of earlier case law striking down the BOP's earlier interpretations of eligibility under 18 U.S.C. §3621(e)(2)(B).

Also, to the extent that Williams claims a violation of his equal protection rights, he has failed to supply any facts to support such a claim. Even *pro se* pleadings must meet some minimal pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). In the present case, Williams has failed to show how he has been denied equal protection under the law. Therefore, dismissal of this claim is also appropriate. *See Blackburn v. Fisk University*, 443 F.2d 121 (6th Cir. 1971).

## CONCLUSION

The Court concluding that the Petitioner has failed to state a §3621(e)(2)(B) claim upon which relief may be granted and being otherwise sufficiently advised, it is hereby

**ORDERED** that this action shall be **DISMISSED** from the Court's docket. A separate Judgment shall issued this date.

This 21st day of June, 2006.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge